OPINION OF THE COURT

Per Curiam.

The issue presented concerns the appealability to this court of an Appellate Division order modifying an exercise of discretion by a lower court Judge.
*224 Respondents, C. Sims Farr, an attorney, and Chemical Bank, commenced this proceeding by petitioning the court for a determination of incompetency as to Martha C. Von Bulow. There being no dispute as to the necessity for a committee, Special Term appointed respondents, since for decades they had been active in managing Mrs. Von Bu-low’s finances and counseling her. This appointment was made over the objection of appellants, Claus and Cosima Von Bulow, that respondents were associated with members of Mrs. Von Bulow’s family who were hostile to them. Though it found no conflict of interest on the part of Farr or Chemical, Special Term appointed a third cocommittee, a stranger to the parties and their affairs, because it believed “that the injection of a fresh, independent viewpoint into the management of Mrs. Von Bulow’s affairs can only be salutary.” On cross appeals relating solely to the issue of committee composition, the Appellate Division modified, “on the law,” by vacating the appointment of the third cocommittee but affirmed that of Farr and Chemical.
In selecting a committee for an incompetent, the primary concern is for the best interests of the incompetent (see, e.g., Matter of Kalthoff, 298 NY 458). This determination necessarily involves a judgment upon the facts and lies in the court’s discretion (see Matter of Rothman, 263 NY 31; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], ch 16). On appeal, the Appellate Division may review the determination for an abuse of discretion but may also substitute its own discretion even in the absence of an abuse by Special Term (Barry v Good Samaritan Hosp., 56 NY2d 921). The lower courts have considerable latitude in exercising their discretion, which may be upset by us only for abuse as a matter of law.
Though the Appellate Division stated that Special Term had abused its discretion in appointing a third cocommittee, an examination of its memorandum decision reveals that the court went considerably beyond. Finding no deficiency in the qualifications or fitness to serve of the third cocommittee appointed by Special Term, the Appellate Division nonetheless concluded that the interests of the incompetent were best served by the appointment of respondents alone. The court felt the appointment of a *225 stranger as a cocommittee “would constitute an unjustified burden on the administration of the estate under the circumstances of this case” (101 AD2d, at p 774); that Chemical understandably would expect a fee if it had to educate a stranger and attend regular meetings with an outsider; and that the “insubstantial evidence presented thus far of partiality does not justify this burden on the estate.” (101 AD2d, at p 775.) The court further noted that the conviction of Mr. Von Bulow on two counts of assaulting his wife with intent to commit murder had been reversed by the Rhode Island Supreme Court — an event occurring after Special Term’s decision. It concluded that the interests of the incompetent were best served by the appointment of respondents, and the interest of the minor daughter adequately protected. These findings reflect the exercise of discretion as to factual determinations. Thus, despite a recitation that the modification was “on the law,” the decision leaves no doubt that the Appellate Division action was the result of a substitution of its own discretion for that of Special Term.
Where, as here, an appeal is taken as of right on the basis of a modification at the Appellate Division, that modification must be in a substantial respect “which is within the power of the court of appeals to review on such appeal” (CPLR 5601, subd [a], par [iii]).* Necessarily this category of appeals is predicated on the court’s evaluation of the merits of an appeal, for if the issues tendered are not reviewable by us the appeal must' be dismissed (Patron v Patron, 40 NY2d 582). Here, we conclude that issues tendered are not within our power to review. No substantial question of abuse as a matter of law by the Appellate Division has been presented; nor is it contended that the result reached by the exercise of its discretion is so outra *226 geous as to shock the conscience. (Patron v Patron, 40 NY2d 582, 585, supra.) Accordingly, the appeal must be dismissed.
Appeal dismissed, without costs, in a Per Curiam opinion.

 This statutory restriction on our jurisdiction gives particular importance to how the order and decision of the Appellate Division are formulated. When the Appellate Division decision rests on abuse of discretion by the lower court as a matter of law, and the order so recites, a question of law may be presented for our review. When, however, the Appellate Division concludes that there was an improvident exercise of discretion below and substitutes its own discretion, and the order recites that the modification is made as a matter of discretion, then the issues will be appealable only where this court determines that a substantial question of abuse has been presented or the result reached is so outrageous as to shock the conscience. Recitals in the orders of the Appellate Divisions and articulations in their opinions which fail to recognize and implement this distinction may lead to confusion as to appealability or scope of review in our court.