■ In the Matter of ESTHER RUDICK. SAMUEL RUDICK, Appellant; SANDRA R. BLAIR, Respondent. [718 NYS2d 202] —In a

proceeding pursuant to Mental Hygiene Law article 81, Samuel Rudick appeals (1) from a decision of the Supreme Court, Queens County (Kasoff, J.), dated June 24, 1998, and (2), as limited by his brief, from so much of a judgment of the same court, dated July 6, 1998, as appointed Sandra Rosenthal Blair the sole guardian of the person and property of Esther Rudick, an incapacitated person.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court appointed Sandra Rosenthal Blair as sole guardian for the personal needs and property of her mother, Esther Rudick, an incapacitated person, following a hearing on the petition brought by her son, the appellant Samuel Rudick (*see,* Mental Hygiene Law § 81.19 [d]). The primary concern is for the best interests of the incapacitated person (*see, Matter of Von Bulow,* 63 NY2d 221, 224). The appellant contends that family conflicts require the appointment of an independent person as guardian. The Supreme Court, however, providently exercised its discretion in appointing Sandra Rosenthal Blair as guardian based on the evidence regarding the quality of care she provided to her mother (*see, Matter of Robinson,* 272 AD2d 176; *Matter of Chase,* 264 AD2d 330; *Matter of Steinberg,* 121 AD2d 872). O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.