(October 19, 2004)

■ In the Matter of FONTANNE DOLLECK et al., Appellants, for the Appointment of Coguardians of the Person and Property of MURRAY BANKS, an Alleged Incapacitated Person, Respondent. STEVEN R. RICHMAN, Respondent. [782 NYS2d 728]—

Order, judgment and commission, Supreme Court, New York County (William P. McCooe, J.), entered June 18, 2003, appointing coguardians of the person and property of the incapacitated person, and, inter alia, bringing up for review prior orders which

rejected appellants family members' requests to set aside the incapacitated person's transfer of certain condominium apartments to a trust for the ultimate benefit of respondent companion, unanimously affirmed, without costs.

Evidence that the incapacitated person executed the trust after having suffered a stroke and also while suffering from Alzheimer's disease does not, by itself, satisfy appellants' burden of showing that the incapacitated person was incompetent at the time of the trust's creation (*see Harrison v Grobe*, 790 F Supp 443, 447-448 [1992], *affd* 984 F2d 594 [1993], citing, inter alia, *Feiden v Feiden*, 151 AD2d 889 [1989], and *Matter of Ford*, 279 App Div 152 [1951], *affd* 304 NY 598 [1952]). We also note the ample third-party testimony adduced by respondent of the incapacitated person's lucidity up until the weeks before the hearing. Nor was there a showing that respondent exerted undue influence on the incapacitated person (*see Harrison* at 455-456). The incapacitated person and respondent had been companions for 30 years, during most of which time the former supported the latter and bestowed lavish gifts on him, and respondent had been caring for the incapacitated person for many years and continued to do so after his stroke. In addition, the trust's transfer of the subject apartments to respondent was conditioned on his living with the incapacitated person for the rest of the latter's life, serving as his daily companion and performing specified caregiving responsibilities. As the hearing court found, the creation of the trust was entirely consistent with the longstanding relationship between the incapacitated person and respondent. Respondent's appointment as a coguardian of the person of the incapacitated person was a proper exercise of discretion (*see Matter of Von Bulow*, 63 NY2d 221, 224 [1984]), in view of the clear expression of intent in the trust documents that respondent be responsible for the incapacitated person's health care. We have considered appellants' other arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.