■ In the Matter of the Appointment of a Guardian of the Person and Property of SHIRLEY I. NIMON, an Incapacitated Person. KATHLEEN A. KOT, Appellant, et al., Petitioners; KAREN M. FREEDMAN, Respondent. [789 NYS2d 596]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered June 24, 2004 in a proceeding pursuant to article 81 of the Mental Hygiene Law. The order, among other things, directed that Shirley I. Nimon reside at a facility in Danvers, Massachusetts, appointed respondent Karen M. Freedman sole guardian of the person of Shirley I. Nimon, continued petitioner Kathleen A. Kot and respondent as co-guardians of the property of Shirley I. Nimon and directed the co-guardians to move Shirley I. Nimon to the facility in Danvers, Massachusetts.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified in the exercise of discretion by providing that Shirley I. Nimon reside at the York, Pennsylvania facility called "Country Meadows," vacating the second ordering paragraph and appointing petitioner Kathleen A. Kot sole guardian of the person of Shirley I. Nimon and as modified the order is affirmed without costs.

Memorandum: In October 2002 Supreme Court, upon the agreement of the four children of Shirley I. Nimon (hereafter, IP), appointed her two daughters to serve as co-guardians of her person and property in a proceeding commenced pursuant to article 81 of the Mental Hygiene Law. The court further ordered that the IP, who has Alzheimer's disease, would reside for six months each year in a facility near one daughter, Kathleen A. Kot (petitioner), in York, Pennsylvania and would then reside for the remaining six months in a facility near respondent, the other daughter, in Danvers, Massachusetts. In March 2004 petitioner and her two brothers brought an order to show cause

seeking a modification of the 2002 order to provide, inter alia, that the court establish a single residence and a "single primary co-guardian" for the IP. In support thereof, petitioners provided letters from medical personnel explaining the serious detrimental effects that changes in environment have on Alzheimer's patients and setting forth observations about the decline in the physical and mental condition of the IP upon her return to the Pennsylvania facility in November 2003. Following a hearing, the court noted that all four children agreed that the IP should reside in one location, and the court thereupon ordered that the IP reside in the facility in Massachusetts. In support of its determination, the court cited the close relationship between the IP and respondent, and reasoned that respondent would in effect be "penalize[d]" for agreeing to the 2002 order if the IP were to remain in Pennsylvania, where she was residing at the time of the hearing.

We conclude that the court's determination is an improvident exercise of the court's discretion, and we therefore substitute our own discretion herein "even in the absence of an abuse [of discretion]" (*Matter of Von Bulow*, 63 NY2d 221, 224 [1984]). "[T]he primary concern is for the best interests of the [IP]" (*id.*; *see Matter of Wynn*, 11 AD3d 1014, 1015 [2004]; *Matter of Gustafson*, 308 AD2d 305, 307 [2003]; *Matter of Rudick*, 278 AD2d 328, 329 [2000]). The court did not properly consider the best interests of the IP in determining that she should be transferred to the facility in Massachusetts and reside there year-round. The record establishes that, despite the hostile relationship of the IP's daughters, their paramount concern is the best interests of their mother. The record further establishes that the court evaluator visited the facilities in both Massachusetts and Pennsylvania, where he spoke with the staff and the IP's family members who resided in those areas. The court evaluator determined that both facilities provided appropriate care and that the IP received daily visits from family members while residing at each facility. Finally, the record establishes that the trauma of leaving a stable environment and readjusting to a different environment has serious deleterious effects on Alzheimer's patients in general, and specifically on the IP at issue herein. For that reason, we conclude that it is in the best interests of the IP to remain in the facility in Pennsylvania and to appoint petitioner as sole guardian of the person of the IP. We therefore modify the order accordingly. Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.