■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SANTIAGO, JR., Appellant. [798 NYS2d 612]—

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered December 29, 2003. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed in the exercise of discretion without costs and defendant is determined to be a level two risk.

Memorandum: We conclude that County Court improvidently exercised its discretion in determining that defendant is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We therefore substitute our own discretion herein "even in the absence of an abuse [of discretion]" (*Matter of Von Bulow*, 63 NY2d 221, 224 [1984]; *see Matter of Nimon*, 15 AD3d 978, 979 [2005]), and we determine that defendant is a level two risk. Even assuming, arguendo, that defendant's presumptive risk level under the risk assessment instrument was properly determined to be a level three risk, as requested by the People, we conclude based on the record before us that a downward departure to a level two risk is appropriate. Pursuant to the underlying conviction of rape in

the third degree upon which the SORA classification was based, defendant, who was 21 years of age or more, engaged in sexual intercourse with another person less than 17 years of age (Penal Law § 130.35 [2]). The record establishes, however, that the victim willingly engaged in sexual activity with defendant at a time when she was only a few months from the age of 17. In addition, the record establishes that the attempts by defendant to complete sex offender treatment were forestalled by his discharge from prison and that he had not previously been convicted of any sex crimes. We thus conclude that there is "clear and convincing evidence of the existence of special circumstances to warrant [a] . . . downward departure" from the presumptive risk level (*People v Guaman*, 8 AD3d 545, 545 [2004]). Specifically, we conclude based on the record before us that there are " 'aggravating or mitigating factor[s] of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed])" (*id.*).

Defendant's contention concerning the alleged unconstitutionality of SORA is unpreserved for our review (*see People v Brown*, 302 AD2d 919, 919-920), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In view of our determination, we do not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.