■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA D. HEICHEL, Appellant. [798 NYS2d 633]—

Appeal from an order of the Orleans County Court (James P. Punch, J.), dated August 26, 2004. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was convicted upon his plea of guilty of attempted sexual abuse in the first degree with respect to an eight-year-old relative. Contrary to defendant's contention, the People established by clear and convincing evidence that defendant did not begin to accept responsibility for the offense and undergo treatment until six years after he committed the offense, when he was faced with the prospect of punishment for the offense (*see generally People v Tilley*, 305 AD2d 1041, 1041-1042 [2003], *lv denied* 100 NY2d 588 [2003]). Also, at the time of the hearing to determine his risk level, defendant was residing in an apartment that was inappropriate because of its proximity to a park where children played.

Contrary to defendant's further contention, County Court's upward departure from the presumptive risk level in determining that defendant is a level three risk rather than a level two risk is supported by clear and convincing evidence (*see generally People v Carswell*, 8 AD3d 1073 [2004], *lv denied* 3 NY3d 607 [2004]; *People v Hitt*, 7 AD3d 813 [2004], *lv denied* 3 NY3d 606 [2004]). If the risk of a repeat offense is high and there is a threat to the public safety, a level three designation is appropriate (*see* Correction Law § 168-*l* [6] [c]). In assessing the risk of a repeat offense by a sex offender and the threat posed to the public safety, the court should consider "criminal history factors indicative of [a] high risk of repeat offense, including . . . whether the sex offender committed the felony sex offense against a child . . . [and] the age of the sex offender at the time of the commission of the first sex offense" (§ 168-*l* [5] [a] [iv], [v]). Other criminal history factors to be considered by the court include "the number, date and nature of prior offenses" (§ 168-*l* [5] [b] [iii]). Here, the court considered evidence that defendant committed repeated sex offenses against a six-year-old relative in 1993, when defendant was 19 years old. Although defendant was never charged with those sex offenses, he did not deny his

commission thereof. "Upon our review of the record, we conclude that the court's determination of defendant's risk level was properly based on clear and convincing evidence related to the statutory factors" (*People v Brown*, 302 AD2d 919, 921 [2003]; *see People v Scott*, 288 AD2d 763, 764-765 [2001]). Present—Pigott, Jr., P.J., Kehoe, Smith, Lawton and Hayes, JJ.