THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY E. SMITH, Appellant. [816 NYS2d 802]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), dated November 26, 2003. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified in the exercise of discretion by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: We conclude that County Court improvidently

exercised its discretion in determining that defendant is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We therefore substitute our own discretion "even in the absence of an abuse [of discretion]" (*Matter of Von Bulow*, 63 NY2d 221, 224 [1984]; *see Matter of Nimon*, 15 AD3d 978, 979 [2005]), and we modify the order by determining that defendant is a level two risk. Pursuant to the underlying conviction of sodomy in the third degree (Penal Law former § 130.40 [2]) upon which the SORA classification was based, defendant, who was 21 years of age or more, engaged in deviate sexual intercourse with another person less than 17 years of age. The record establishes, however, that defendant did not use or threaten the use of any force, he accepted responsibility for the offense, he engaged in sex offender treatment, and he had not previously been convicted of any sex crimes. In addition, although defendant's presumptive risk level under the risk assessment instrument was properly determined to be a level three risk, the Board of Examiners of Sex Offenders recommended a downward departure to a level two risk. We thus conclude that there is "clear and convincing evidence of the existence of special circumstance[s] to warrant [a] . . . downward departure" from the presumptive risk level (*People v Guaman*, 8 AD3d 545, 545 [2004]). "Specifically, we conclude based on the record before us that there are aggravating or mitigating factor[s] of a kind or to a degree, not otherwise adequately taken into account by the guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed])" (*People v Santiago*, 20 AD3d 885, 886 [2005] [internal quotation marks omitted]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.