■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. WEATHERLEY, JR., Appellant. [837 NYS2d 461]—

Appeal from an order of the Jefferson County Court (Kim H. Martusewicz, J.), entered April 25, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified in the exercise of discretion by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: We agree with defendant that County Court improvidently exercised its discretion in determining that he is a level three risk under the Sex Offender Registration Act (SORA) (Correction Law § 168 *et seq.*). We therefore substitute our own discretion "even in the absence of an abuse [of discretion]" (*Matter of Von Bulow*, 63 NY2d 221, 224 [1984]), and we modify the order by determining that defendant is a level two risk. Although pursuant to the risk assessment instrument defendant was presumptively a level three risk, we conclude based on the record before us that there is clear and convincing evi-

dence of special circumstances to warrant a downward departure from the presumptive risk level (*see People v Smith*, 30 AD3d 1070 [2006]; *People v Santiago*, 20 AD3d 885 [2005]). Defendant, who was 24 years old at the time of the underlying offense, engaged in sexual activity with a 15-year-old female. The victim admitted to the police that she willingly engaged in the sexual activity, and the court found that there was no evidence of forcible compulsion. The record further establishes that this was defendant's first sex offense and that defendant was enrolled in sex offender counseling at the time of the SORA hearing. We thus conclude under the circumstances of this case that defendant did not have a high risk of a repeat offense (*see* Correction Law § 168-*l* [6] [c]; *cf. People v Heichel*, 20 AD3d 934 [2005]). In view of our determination, we do not address defendant's remaining contentions. Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.