■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D. BREWER, Appellant. [880 NYS2d 444]—

Appeal from an order of the Ontario County Court (William F.

Kocher, J.), entered April 28, 2008. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously modified in the exercise of discretion by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: We agree with defendant that County Court improvidently exercised its discretion in determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We therefore substitute our own discretion "even in the absence of an abuse [of discretion]" (Matter of Von Bulow, 63 NY2d 221, 224 [1984]), and we modify the order by determining that defendant is a level two risk. Although the record establishes that defendant was presumptively a level three risk pursuant to the risk assessment instrument, we conclude that there is clear and convincing evidence of special circumstances to warrant a downward departure from the presumptive risk level (see People v Weatherley, 41 AD3d 1238 [2007]; see also People v Smith, 30 AD3d 1070 [2006]). Defendant was 20 years old when he engaged in the underlying offense, i.e., sexual activity with a 16-year-old female who admitted that she willingly engaged in the sexual activity. There was no allegation or evidence of forcible compulsion. The record further establishes that this was defendant's first and only sex offense and that defendant was enrolled in sex offender counseling at the time of the SORA hearing. We thus conclude under the circumstances of this case that defendant is not at a high risk of reoffending (see Correction Law § 168-l [6] [c]; cf. People v Heichel, 20 AD3d 934 [2005]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.