■ In the Matter of WILLIE L.C., an Alleged Incapacitated Person. JEWEL C., Appellant; ADA S., Respondent. [884 NYS2d 468]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Willie L.C., an alleged incapacitated person, Jewel C., the daughter of Willie L.C., appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated May 6, 2008, as, after a hearing, granted the amended cross petition of Ada S., the sister of Willie L.C., and appointed Ada S. the sole guardian of the person and property of Willie L.C. The appeal brings up for review so much of an order of the same court dated October 23, 2008, as, in effect, upon reargument and renewal, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the order and judgment dated May 6, 2008, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 23, 2008, is affirmed insofar as reviewed, without costs or disbursements.

Jewel C., the daughter of Willie L.C., an alleged incapacitated person, filed a petition pursuant to Mental Hygiene Law article 81, to declare her father, Willie L.C., an incapacitated person, and to be appointed as the guardian of his person and property. Willie L.C.'s sister, Ada S., who had been caring for Willie L.C. in her home for approximately 12 years, opposed the petition. On the return date of the petition, Jewel C., Willie L.C., and Ada S. agreed, through counsel in open court, to enter into a stipulation withdrawing the petition under certain conditions. Before the stipulation was reduced to a court order and the petition formally withdrawn, Ada S. filed an amended cross petition seeking to be appointed Willie L.C.'s guardian. After a hearing, the Supreme Court appointed Ada S. as the sole guardian of the person and property of Willie L.C., and, in effect, upon reargument and renewal, adhered to that determination.

Contrary to Jewel C.'s contention, the Supreme Court properly declined to enforce the parties' proposed stipulation. "As with a contract, courts should not disturb a valid stipulation absent a showing of good cause such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable; or contrary to public policy" (*McCoy v Feinman*, 99 NY2d 295, 302 [2002] [citations omitted]). Here, the parties' proposed stipulation was contrary to public policy. The parties and the independent court evaluator were in agreement that Willie L.C. did not have the capacity to provide for his personal needs or manage his property and financial affairs. Nonetheless, the parties' proposed stipulation would have withdrawn the petition for the appointment of a guardian on the condition that all of Willie L.C.'s real and personal property be settled in an irrevocable trust for the benefit of Jewel C. and Willie L.C.'s son, Mark C., and that, as long as Willie L.C. resided in the home of Ada S., she would be provided with a monthly stipend for his care. Although Ada S. was to receive money for use in Willie L.C.'s care, there was no individual authorized to act, under a durable power of attorney, as Willie L.C.'s representative with regard to the management of his property and his financial affairs, nor was any individual authorized to make decisions for Willie L.C. with respect to his personal needs. In light of the foregoing, the stipulation failed to adequately protect Willie L.C.'s interests. Given the recognized duty of the courts to protect "a litigant actually incompetent but not yet judicially declared as such" (*Shad v Shad*, 167 AD2d 532, 533 [1990]), it would have been against public policy to enforce a stipulation that was manifestly contrary to Willie L.C.'s best interests (*cf. Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of New York City Hous. Auth. v Jackson*, 48 AD3d 818, 819 [2008]; *see generally Matter of Rudick*, 278 AD2d 328, 329 [2000] ["the primary concern is for the best interests of the incapacitated person"]).

The Supreme Court providently exercised its discretion in appointing Ada S. as the guardian of the person and property of Willie L.C. Where the incapacitated person orally nominates a guardian during the hearing, the nominee must be appointed "unless the court determines for good cause that such appointment is not appropriate" (Mental Hygiene Law § 81.19 [c]; *Matter of Audrey D.*, 48 AD3d 806, 807 [2008]). Here, Willie L.C. indicated at the hearing, and also reported to the independent court evaluator and his own counsel prior to the hearing, that he wanted Ada S. to continue caring for his personal and financial needs. There was no reason demonstrated on the record to decline to honor Willie L.C.'s desire to have Ada S. appointed as his guardian. To the contrary, appointment of Ada S.

as the guardian was appropriate based upon the evidence regarding the quality of care she provided to Willie L.C. for the 12 years in which he lived in her home, and Willie L.C.'s close relationship with her (*see* Mental Hygiene Law § 81.19 [d] [2], [3]; *Matter of Rudick*, 278 AD2d at 329).

Jewel C.'s remaining contention is without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.