THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY M. KEARNS, Appellant. [891 NYS2d 802]—

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 25 points against him under risk factor 2, for sexual contact with the victim, and 15 points against him under risk factor 12, for refusal of treatment. We conclude that the court properly determined that defendant was a presumptive level three risk but improvidently exercised its discretion in refusing to grant him a downward departure from that risk level. With respect to risk factor 2, we conclude that the sworn statements and the grand jury testimony of one of the two victims constituted reliable hearsay (*see People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009]), and that the People thereby established by clear and convincing evidence that defendant engaged in sexual intercourse with that victim to support the assessment of 25 points under risk factor 2 (*see* Correction Law § 168-n [3]; *People v Ensell*, 49 AD3d 1301 [2008], *lv denied* 10 NY3d 715 [2008]).

With respect to risk factor 12, it is undisputed that defendant refused to participate in sex offender treatment while he was incarcerated, but he contends that his refusal was based on the advice of defense counsel to refrain from participation. According to defendant, his appeal from the judgment of conviction was pending when the treatment was offered and, in the event

of reversal on appeal and a subsequent new trial on all counts of the indictment, his participation in treatment would have required him to make admissions against his interest, in violation of his Fifth Amendment privilege against self-incrimination. We note in addition that the risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]).

We thus agree with defendant that the court improvidently exercised its discretion in determining that defendant was not entitled to a downward departure from his presumptive risk level. We therefore substitute our own discretion, " 'even in the absence of an abuse [of discretion],' " and we modify the order by determining that defendant is a level two risk (People v Smith, 30 AD3d 1070, 1071 [2006], quoting Matter of Von Bulow, 63 NY2d 221, 224 [1984]; see People v Brewer, 63 AD3d 1604 [2009]). In our view, "there is clear and convincing evidence of special circumstances to warrant a downward departure from the presumptive risk level" (Brewer, 63 AD3d at 1605; see Smith, 30 AD3d at 1071). The professionals who evaluated defendant all concluded that defendant was not a sexual predator, that he did not have abnormal sexual tendencies, and that he was not a threat to himself or others. In addition, we agree with defendant that he was faced with a "Hobson's choice" when deciding whether to participate in treatment. We thus conclude on the record before us "that there are . . . mitigating factor[s] of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (People v Santiago, 20 AD3d 885, 886 [2005] [internal quotation marks omitted]; see Smith, 30 AD3d at 1071; Risk Assessment Guidelines and Commentary, at 4).

Contrary to the final contention of defendant, we conclude that he received meaningful representation at the SORA hearing (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Reid, 59 AD3d 158 [2009], lv denied 12 NY3d 708 [2009]). Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.