THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. GOOSSENS, Appellant. [904 NYS2d 858]—

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered October 22, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously modified in the exercise of discretion by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: We agree with defendant that County Court improvidently exercised its discretion in determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We therefore "substitute [our] own discretion even in the absence of an abuse" by the court (*Matter of Von Bulow*, 63 NY2d 221, 224 [1984]), and we modify the order by determining that defendant is a level two risk. Although defendant was presumptively classified as a level three risk pursuant to the risk assessment instrument, we conclude based on the record before us that there is "clear and convincing evidence of the existence of special circumstance[s] to warrant [a] . . . downward departure" from the presumptive risk

level (*People v Guaman*, 8 AD3d 545 [2004]). Defendant, who was 21 years old at the time of the underlying offense, engaged in sexual activity with a 15-year-old female. The court found that the victim was a willing participant in the sexual activity and that she had been supportive of defendant throughout the proceedings (*see People v Brewer*, 63 AD3d 1604 [2009]; *People v Weatherley*, 41 AD3d 1238 [2007]). Indeed, "[t]here was no allegation or evidence of forcible compulsion" (*Brewer*, 63 AD3d at 1605). Moreover, the underlying conviction was defendant's first felony conviction. Although defendant had previously been convicted of a misdemeanor sex offense, that offense involved the same victim, who is defendant's girlfriend. We thus conclude under the circumstances of this case that defendant did not have a high risk of reoffending (*see* Correction Law § 168-*l* [6]; *Brewer*, 63 AD3d 1604 [2009]; *cf. People v Heichel*, 20 AD3d 934, 935 [2005]). In light of our determination, we do not address defendant's remaining contentions. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.