# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

334

KA 11-00195

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERT E. GREENE, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated January 5, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We reject defendant's contention that County Court improvidently exercised its discretion in determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was presumptively classified as a level three risk pursuant to the risk assessment instrument, and we conclude based on the record before us that defendant failed to present clear and convincing evidence of special circumstances to warrant a downward departure (*see People v Burgos*, 32 AD3d 1289, *lv denied* 8 NY3d 801; *People v Marks*, 31 AD3d 1142, 1143, *lv denied* 7 NY3d 715). Defendant, who was 20 years old at the time of the underlying offenses, engaged in sexual activity with a 13-year-old female he initially met over the Internet. Defendant mistakenly relies on cases in which this Court concluded that a downward departure from the presumptive risk level was warranted where there was no evidence of forcible compulsion and the defendant was not appreciably older than the victim (*see People v Goossens*, 75 AD3d 1171, 1171-1172; *People v Brewer*, 63 AD3d 1604, 1605; *People v Weatherley*, 41 AD3d 1238, 1238-1239; *see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4-5 [2006]). This case is distinguishable in part because of defendant's extensive criminal history, which includes two prior convictions for criminal contempt in the second degree. In addition, defendant was on probation for attempted burglary in the second degree at the time he committed the underlying offenses. After defendant committed and was charged with the sex offenses at issue, he was charged with additional

counts of criminal contempt in the second degree for communicating with the victim, for whom the court had issued an order of protection. We agree with the court that "defendant's criminal history evinces a lack of restraint and a willingness to place his self-interest above that of society which warrants the highest level of notification to vulnerable populations . . . ."

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court