◼ In the Matter of LISA D., an Alleged Incapacitated Person. PETER SMERGUT, Respondent; CONSUMER ADVISORY BOARD et al., Appellants. [951 NYS2d 913]—

Contrary to the appellants' contentions, the Supreme Court providently exercised its discretion, in the best interests of the subject alleged incapacitated person, Lisa D. (*see Matter of Nimon*, 15 AD3d 978, 979 [2005]; *Matter of Rudick*, 278 AD2d 328, 329 [2000]; *see also* Mental Hygiene Law § 81.01), by appointing one of her siblings as guardian for her property management and by authorizing that guardian to transfer certain of Lisa D.'s funds to a trust account to be established for Lisa D.'s benefit in a certain pooled trust established by her residential services provider (*see* Mental Hygiene Law § 81.02 [a] [1], [2]; § 81.19 [d]; *see also Matter of Margaret K.*, 17 AD3d 466, 466 [2005]; *cf. DiGennaro v Community Hosp. of Glen Cove*, 204 AD2d 259, 260 [1994]). Also contrary to the appellants' contention, the foregoing arrangement does not violate Mental Hygiene Law § 81.19 (e) (1) or (2) (*cf. Matter of Patrick BB.*, 284 AD2d 636, 638-639 [2001]).

The Supreme Court providently exercised its discretion in awarding a sum certain to the petitioner's counsel for legal services rendered as the attorney for the petitioner, to be paid from Lisa D.'s funds (*see* Mental Hygiene Law§ 81.16 [f]; *Matter of Grace PP.*, 245 AD2d 824, 825 [1997]). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.