THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. BELILE, Appellant. [969 NYS2d 228]—

Garry, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered November 28, 2011, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In April 2008, defendant pleaded guilty to rape in the third degree stemming from his sexual conduct with a 14-year-old girl, and he was thereafter sentenced as a second felony offender to a prison term of 2 to 4 years. In preparation for his release from prison, the Board of Examiners of Sex Offenders recommended, as relevant here, that defendant be classified as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hearing, County Court classified defendant as a risk level III sex offender and denied his request for a downward departure. Defendant appeals and we affirm.

The People are required to establish the risk level classification by clear and convincing evidence, and may use reliable hearsay—such as the presentence investigation report, a victim statement, and the case summary—to meet their burden (*see People v Madera*, 100 AD3d 1111, 1112 [2012]; *People v Good*, 88 AD3d 1037, 1037 [2011], *lv denied* 18 NY3d 802 [2011]). Here, we reject defendant's contention that he was improperly assessed 15 points for drug use, as points may be assessed when " 'an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense' " (*People v Rhodehouse*, 77 AD3d 1032, 1033 [2010], *lv denied* 16 NY3d 701

[2011], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *see People v Clavette*, 96 AD3d 1178, 1179 [2012], *lv denied* 20 NY3d 851 [2012]). In her statement, the victim recounted that defendant had provided and smoked marihuana with her on multiple occasions, including the day of their last sexual encounter, and defendant admitted that he was under the influence of marihuana "most of the time," including a majority of the time during which the instant offense was committed. Similarly unavailing is defendant's claim that he was improperly assessed 10 points for his conduct while confined. Although the case summary curiously characterized his disciplinary record as "satisfactory," the fact that he had 15 tier II and six serious tier III infractions while incarcerated and that this excessive disciplinary record prevented his participation in sex offender and aggression replacement programming supported the assessment of points under this category (*see People v Bove*, 52 AD3d 1124, 1125 [2008]).

We reject defendant's further contention that County Court erred in declining to depart from the presumptive risk level. Downward departure is warranted when it is established that there are mitigating factors not taken into account by the guidelines (*see People v King*, 72 AD3d 1363, 1364 [2010]). Here, the lack of forcible compulsion was addressed as no points were assessed under risk factor 1 (*see People v Barnett*, 71 AD3d 1296, 1297 [2010]). Further, the fact that defendant was 23 years of age at the time of his sexual involvement with the victim does not lead to a contrary finding. This matter is readily distinguished from the precedent upon which defendant relies— that a downward departure may be warranted where there is no forcible compulsion and the defendant and victim are close in age (*see People v Goossens*, 75 AD3d 1171, 1172 [2010]; *People v Weatherley*, 41 AD3d 1238, 1239 [2007]; *People v Santiago*, 20 AD3d 885, 886 [2005])—based upon his significant criminal history, his failure to engage in sex offender or other programs as a result of his prison disciplinary problems, and the fact that he was on parole at the time of committing this offense (*see People v Greene*, 93 AD3d 1230, 1230 [2012], *lv denied* 19 NY3d 812 [2012]; *People v Barnett*, 71 AD3d at 1297).

Peters, P.J., Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.