The People of the State of New York, Appellant, 
against
Fernando Garcia, Respondent.



Appeal from an order of the Justice Court of the Town of Warwick, Orange County (Peter D. Barlet, J.), entered April 5, 2012. The order, after a hearing, designated defendant only a level one sex offender pursuant to Correction Law article 6-C. By decision and order dated December 14, 2015, this court remitted the matter to the Justice Court to set forth findings of fact and conclusions of law, and held the appeal in abeyance in the interim (50 Misc 3d 128[A], 2015 NY Slip Op 51878[U]). The Justice Court has filed its report.




ORDERED that the order is affirmed, without costs.
Defendant pleaded guilty to sexual misconduct (Penal Law § 130.20 [1]), stemming from his having had sexual intercourse with a 14-year-old victim. At a hearing held pursuant to the Sex Offender Registration Act (SORA) (see Correction Law art 6-C), the People presented the risk assessment instrument assessing a total of 85 points to support a level two sex offender designation. The People appeal from an order of the Justice Court designating defendant a level one sex offender. The appeal was held in abeyance and the matter remitted to the Justice Court to set forth its findings of fact and conclusions of law so as to permit proper appellate review.
The Justice Court has filed an amended report setting forth its findings of fact and conclusions of law. It assessed zero points for risk factors 1, 3, 4, 6, 7, 9, 10, 11, 13, 14 and 15 (see Correction Law § 168-n [3]). While finding that the People had presented clear and convincing evidence establishing that defendant had sexual intercourse with the victim, and, as a result, were seeking to have 25 points assessed against defendant under risk factor two (sexual contact with victim) of the risk assessment instrument, the Justice Court determined that the assessment of a score of 25 appear[ed] too high," and assessed 20 points against defendant under risk factor two. 
The People further presented the supporting deposition of the victim, in which she stated that she had had sexual intercourse with defendant once in February 2010, twice in March 2010 and once in June 2010. These allegations were not disputed by defendant at the hearing. The People sought to have 20 points assessed against defendant under risk factor four (duration of offense conduct with victim). The court determined that, as to the duration of the offense, defendant's conduct did not take place over the requisite time period necessary to establish a continuous course of conduct. The court assessed zero points against defendant under risk factor four. 
Next, the People established by clear and convincing evidence that the victim was 14 [*2]years old at the time of the first three sexual encounters and 15 years old at the time of the last sexual encounter. The Justice Court assessed 20 points against defendant under risk factor five (age of victim). The court also assessed 10 points against defendant under risk factor eight (defendant's age at time of first act of sexual misconduct), as defendant had not challenged the People's assessment thereunder.
At the hearing, the People argued that defendant had not accepted responsibility for his conduct and that 10 points should have been assessed against him under risk factor 12 (acceptance of responsibility). The People relied upon the presentence report of the probation officer, which indicated that the victim had an unplanned pregnancy and that defendant had shown no remorse for his actions. The probation officer indicated in his report that defendant had stated to the probation officer that "he thought he was paying too much, since he and the victim were in a relationship and presented [the probation officer] with the attitude that [defendant] was a victim in this case." Defendant claimed that his acceptance of responsibility was shown by his admission of guilt at the plea proceedings and by the SORA hearing testimony of Dr. Marc Janoson, who testified that defendant had expressed both guilt and remorse about the situation stemming from his involvement with the victim. In addition, Dr. Janoson had noted in his report, which was admitted into evidence, that defendant had taken responsibility for his inappropriate sexual encounter, that he is guilt-ridden and feels sorry for the younger girl and her family. The court assessed five points against defendant under risk factor 12 based upon its finding that defendant "shows potential for a positive response to treatment." As the Justice Court's risk assessment totaled 55 points, the court designated defendant a level one sex offender. The People appeal, arguing that 85 points should have been assessed and thus defendant should have been designated a level two sex offender.
Defendant conceded that he had had sexual intercourse with the victim and, at the hearing, did not dispute the People's position regarding the assessment of 25 points under risk factor two. The risk assessment instrument distinguishes among offenders whose contact with their victim involved touching over the clothing (5 points), touching under the clothing (10 points), or sexual intercourse, deviate sexual intercourse or aggravated sexual abuse (25 points) (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]). Given the Justice Court's finding of fact, it was not authorized to arbitrarily assign 20 points under this risk factor, but rather should have assessed 25 points therefor. 
Risk factor 4 (duration of offense conduct with victim) is "designed to reflect the fact that some offenders, particularly those who prey on young children, manifest their compulsive behavior by engaging in a continuing course of sexual contact with the same victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10). "[A]n offender engages in a continuous course of sexual contact when he engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, . . . which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (id.). Here, the People presented the supporting deposition of the victim, in which she alleged that she had had sexual intercourse with defendant once in February 2010, twice in March 2010 and once in June 2010. This was not disputed by defendant at the hearing. Consequently, defendant should have been assessed 20 points under this risk factor, rather than the zero points actually assessed.
Risk factor 5 (age of victim) provides for an assessment of 20 points where the victim is between the ages of 1 and 16. In the instant case, the clear and convincing evidence established that the victim was 14 at the time of the first three sexual encounters and 15 at the time of the last sexual encounter. Therefore, the 20 points assessed against defendant under this risk factor should not be disturbed.
Under the section for criminal history, risk factor 8 (defendant's age at time of first act of sexual misconduct), the clear and convincing evidence established that defendant was 19 years old at the time of his first act of sexual misconduct. Thus, the 10 points assessed against defendant under this risk factor was proper.
Pursuant to risk factor 12 (acceptance of responsibility), an offender who does not accept responsibility for his conduct should be assessed 10 points, and 15 points should be assessed for an offender who has refused to enter, or has been expelled from, a sex offender program. Upon a review of the hearing evidence, including the facts set forth in the presentence report, we find that the People presented clear and convincing evidence that defendant had not genuinely accepted responsibility for his conduct (see People v Garcia, 56 AD3d 539 [2008]; People v Alvarez, 49 AD3d 704 [2008]; People v Lawless, 44 AD3d 738 [2007]). In view of defendant's failure, during his probation interview, to show his acceptance of responsibility, his late expression of remorse made to Dr. Janoson appears to be a last-minute attempt to escape the imposition of points. Consequently, 10 points should have been assessed against defendant under risk factor 12 (see People v Peana, 68 AD3d 737 [2009]). We note that the Justice Court was not authorized to arbitrarily assess 5 points under risk factor 12 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15).
In view of the foregoing, defendant is assessed a total of 85 points, which places defendant in the level two sex offender category pursuant to the risk assessment instrument. However, we conclude, based on the record, that a downward departure is warranted. As specifically relevant to this case, the SORA guidelines provide that "[a] court may choose to downwardly depart from the risk assessment in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety' " (People v Marsh, 116 AD3d 680, 682 [2014], quoting People v Fryer, 101 AD3d 835, 836 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9; see People v Goossens, 75 AD3d 1171, 1171-1172 [2010]). The evidence in this case supports a downward departure, as the victim's lack of consent was due only to her inability to consent by virtue of her age, and the 25 points assessed against defendant under this risk factor resulted in an over-assessment of his risk to public safety. Under the circumstances, we find that defendant is not at a high risk of reoffending (see Correction Law § 168-l [6]; Goossens, 75 AD3d at 1171-1172), and therefore designate him a level one sex offender.
Accordingly, the order is affirmed.
Brands, J.P., Marano and Tolbert, JJ., concur.
Decision Date: November 28, 2016