Matter of Aaron v Aaron (2020 NY Slip Op 03468)





Matter of Aaron v Aaron


2020 NY Slip Op 03468


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11673 500055/19

[*1] In re Ahdawantazalam Aaron, etc., Plaintiff-Appellant,
v
Georgilia Aaron, Defendant-Respondent.


Ahdawantazalam Aaron, appellant pro se.
McCarthy Fingar LLP, White Plains (Michael S. Kutzin of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered August 8, 2019, which, after a hearing, denied the petition to appoint plaintiff Ahdawantazalam Aaron as guardian, and granted the cross-petition and appointed defendant Georgilia Aaron as guardian, unanimously affirmed, without costs.
In appointing a guardian, the primary concern is for the best interests of the incapacitated person, based on the facts. The determination is within the court's discretion and wide latitude is given (see Matter of Von Bulow , 63 NY2d 221, 224 [1984]). The parties, who divorced in 2014, agree that their daughter, an adult with multiple disabilities, needs a guardian. They each seek to serve in that capacity.
The court providently exercised its discretion in appointing defendant mother as Janisa's guardian, in view of the evidence that she had been diligently caring for Janisa for years and appropriately attended to her needs, and the absence of any evidence supporting plaintiff's claims of improper medical treatment (see Matter of Gustafson, 308 AD2d 305, 308 [1st Dept 2003]). Moreover, similar claims by plaintiff had been rejected by the Family Court in an earlier custody proceeding in which defendant was awarded custody of Janisa. On the other hand, plaintiff had no experience caring for Janisa on his own.
Plaintiff asserts that the court should have permitted him to have Janisa, an adult, evaluated by an independent physician. However, he had no right to this relief, which was within the purview of the court evaluator (Mental Hygiene Law § 81.09[c][7]), who declined to seek additional medical advice.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK