People v Morana (2021 NY Slip Op 05188)





People v Morana


2021 NY Slip Op 05188


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


403.1 KA 19-00733

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN P. MORANA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an amended order of the Monroe County Court (Stephen T. Miller, A.J.), entered February 5, 2019. The amended order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified in the exercise of discretion by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the amended order is affirmed without costs.
Memorandum: On appeal from an amended order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that he is entitled to a downward departure because, inter alia, the assessment of points under risk factors three and seven (number of victims and relationship with victims, respectively) resulted in an overassessment of his risk. Although we do not believe that County Court abused its discretion in denying defendant's request for a downward departure, we exercise our own discretion to grant that request (see generally People v Weatherley, 41 AD3d 1238, 1238 [4th Dept 2007]; People v Smith, 30 AD3d 1070, 1071 [4th Dept 2006]), and we modify the amended order by determining that defendant is a level one risk.
Defendant was convicted upon a plea of guilty of possessing a sexual performance by a child under the age of 16 (Penal Law
§ 263.16), relating to his possession of "approximately 192 images of child pornography and erotica, as well as at least one video." In anticipation of a sentence of 10 years' probation, the Board of Examiners of Sex Offenders completed a risk assessment instrument that assessed defendant a risk factor score of 100 points, which made him a presumptive level two risk. That assessment included 30 points for risk factor three, i.e., greater than three victims, and 20 points for risk factor seven, i.e., a stranger relationship with the victims.
As defendant recognizes, the court was authorized to impose points for those two factors (see People v Gillotti, 23 NY3d 841, 852-853 [2014]; see also People v Johnson, 11 NY3d 416, 418-420 [2008]; People v Poole, 90 AD3d 1550, 1550-1551 [4th Dept 2011]). He nevertheless contends that, under the authority of Gillotti, the court should have granted a downward departure because the assessment of points under those risk factors resulted in an overassessment of risk under the circumstances of this case (see Gillotti, 23 NY3d at 863; see also People v Gonzalez, 189 AD3d 509, 510-511 [1st Dept 2020]). We reject that contention inasmuch as defendant failed to establish by a preponderance of the evidence that the court's assessment of points for risk factors three and seven resulted in an overassessment of his risk (cf. Gonzalez, 189 AD3d at 510-511; see generally Gillotti, 23 NY3d at 861).
We agree with defendant, however, that he established by a preponderance of the [*2]evidence that there are other mitigating factors that were "not otherwise adequately taken into account by the guidelines" (People v Santiago, 20 AD3d 885, 886 [4th Dept 2005] [internal quotation marks omitted]; see People v Kearns, 68 AD3d 1713, 1714 [4th Dept 2009]). Defendant established that he suffered from a rare, congenital disease that resulted in significant disfigurement and medical issues, requiring numerous surgeries throughout his life. Defendant was bullied as a child, primarily due to his disfigurement and, as a result, was socially isolated, having no significant peer relationships. Defendant has only one prior crime on his record, a misdemeanor for which he was referred to Mental Health Court, and, in the case at hand, the court sentenced him to probation pursuant to the People's recommendation, thus indicating that defendant does not pose a significant threat to the community. We also note that defendant will be under supervision by the Probation Department for 10 years.
As a result of the depression and related mental health issues that flowed from such a difficult childhood, defendant turned to alcohol and drugs, some of which had been properly prescribed to him following many of his surgeries. Defendant's use of child pornography generally occurred while he was under the influence of drugs. Inasmuch as defendant was sentenced to a 10-year term of probation, which would ensure that he continued to participate in all of his treatment programs, we conclude that, in light of the totality of the circumstances, a downward departure to risk level one is warranted in the exercise of our discretion (see generally Gillotti, 23 NY3d at 861).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court