People v Paine (2022 NY Slip Op 04488)

People v Paine

2022 NY Slip Op 04488

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

488 KA 21-00858

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORY W. PAINE, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), dated March 16, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court abused its discretion in denying his request for a downward departure from his presumptive risk level. We reject that contention.
Defendant was convicted upon a plea of guilty of possessing a sexual performance by a child (Penal Law § 263.16), relating to his possession of over 5,000 images and videos of child pornography. In anticipation of a sentence of 10 years of probation, the Monroe County Probation Department completed a risk assessment instrument that assessed defendant a risk factor score of 120 points. The court, with the consent of the People, removed points for certain risk factors relating to criminal history and acceptance of responsibility. Ultimately, the court assessed defendant a risk factor score of 90 points, making him a presumptive level two risk. That assessment included 30 points for risk factor 3, i.e., greater than three victims, and 20 points for risk factor 7, i.e., a stranger relationship with the victims.
Defendant failed to establish by a preponderance of the evidence the existence of mitigating factors that were, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines (see People v Gillotti, 23 NY3d 841, 861 [2014]). Further, although the court, on the People's recommendation, sentenced defendant to only a term of probation, thus indicating that defendant does not pose a significant threat to the community (see People v Morana, 198 AD3d 1275, 1277 [4th Dept 2021]), defendant failed to preserve for our review his contention that the probationary sentence is a mitigating factor warranting a downward departure (see People v Colon, 186 AD3d 1730, 1731 [2d Dept 2020], lv denied 36 NY3d 903 [2020]). Even assuming, arguendo, that the probationary sentence is an appropriate mitigating factor (see Morana, 198 AD3d at 1276-1277; see generally Gillotti, 23 NY3d at 861), we conclude that the court did not abuse its discretion in determining that the totality of the circumstances, including the other alleged mitigating factors, did not warrant a departure from the presumptive risk level (see Gillotti, 23 NY3d at 861; cf. Morana, 198 AD3d at 1277).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court