■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MENDOZA, Appellant. [996 NYS2d 282]—

Order, Supreme Court, New York County (Ronald A. Zweibel, J.), entered on or about January 16, 2013, which adjudicated defendant a level two sexually violent sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant's admissions provided clear and convincing evidence that supported a 15-point assessment against him under the risk factor for drug or alcohol abuse (see People v Watson, 112 AD3d 501, 502 [1st Dept 2013], lv denied 22 NY3d 863 [2014]).

The court properly exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, and were in any event outweighed by the seriousness of the underlying pattern of sex crimes against a child. There was no overassessment of points under the risk factor for sexual contact with victim. Although he describes his relationship with the victim as consensual, we note that it began when defendant was 23 years old and the victim was only 12 (see People v James, 103 AD3d 588, 589 [2013], lv denied 21 NY3d 856 [2013]). Moreover, defendant continued to engage in sexual intercourse with the victim after he was released on bail and was under an order of protection, thereby demonstrating the risk that he posed to the public.

The court properly determined that it lacked discretion to decline to designate defendant a sexually violent offender (see

*People v Bullock*, 125 AD3d 1 [1st Dept 2014]; *People v Williams*, 96 AD3d 421 [1st Dept 2012], *lv denied* 19 NY3d 813 [2012]). Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.