People v Yglesias (2020 NY Slip Op 01098)





People v Yglesias


2020 NY Slip Op 01098


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2012-05094 

[*1]People of State of New York, respondent,
v
Edward Yglesias, appellant.


Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Joseph Kevin McKay, J.), dated May 11, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 150 points, within the range for a presumptive designation as a level three sex offender. The defendant did not seek a downward departure from his presumptive risk level.
On appeal, the defendant challenges the assessment of 30 points under risk factor 9 based on a prior conviction in Florida involving sexual battery of a child under the age of 11 years, and the assessment of 15 points under risk factor 11 for a history of substance abuse. He also requests a downward departure from his presumptive risk level based on his age at the time of the risk assessment and the length of time between his adjudication as a sex offender and the offenses committed.
The assessment of 15 points under risk factor 11 for a history of substance abuse was founded on clear and convincing evidence, including the defendant's prior convictions of drug offenses, which included a conviction in 1985 of possession of amphetamines, his refusal in prison to cooperate with urinalysis for substance abuse, and the fact that he completed a substance abuse program while in prison (see People v George, 177 AD3d 1045; People v Zavala, 114 AD3d 653).
The defendant contends that his conviction under Florida Statutes former § 800.04 may not satisfy the definition of a sex crime in New York because it could be based upon sexual conduct in the presence of the child, without any contact with the child, and therefore, 30 points were improperly assessed for a prior conviction of "a violent felony, a misdemeanor sex crime, or endangering the welfare of a child, or any adjudication for a sex offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, risk factor 9 [2006] [hereinafter Guidelines]). The Supreme Court found that the assessment of points under risk factor 9 "is about the history of a prior violent felony or misdemeanor sex crime or Endangering the Welfare of a child. . . . You [*2]could say the Florida conviction fits each one of those descriptions, except misdemeanor." We agree (see People v Kruger, 88 AD3d 1169, 1171).
The presentence report describes the Florida conviction as "sexual battery on a minor under 11," not a lascivious act in the presence of a minor. The case summary prepared by the Board of Examiners of Sex Offfenders describes the act as sexual battery "of" a child under the age of 11, contemplating that the act was performed on, and not merely in the presence of, the child. Further, an act in the presence of the child would satisfy the definition of endangering the welfare of a child (see People v Gelin, 128 AD3d 717).
Since the defendant did not seek a downward departure from his presumptive risk level in the Supreme Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Moore-Johnson, 178 AD3d 1102). In any event, the defendant did not satisfy his burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). The defendant's age at the time of his risk assessment was insufficient for a downward departure from his presumptive risk level (see People v Munoz, 155 AD3d 1068). Further, there is no basis to afford the defendant a downward departure from his presumptive risk level based on the length of time between the defendant's sex offenses and his designation as a sex offender, since the defendant was incarcerated during that period (cf. People v Gonzalez, 138 AD3d 814).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court