People v Robinson (2020 NY Slip Op 04603)





People v Robinson


2020 NY Slip Op 04603


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-11080

[*1]People of State of New York, respondent,
v
Dakota Robinson, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Sara Treumann of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated September 29, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was assessed 105 points on a risk assessment instrument prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), which, if accepted by the County Court, would make him a presumptive level two sex offender. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant contested the assessment of 20 points under risk factor 7 (relationship with the victim). He also sought a downward departure, contending that the victim's lack of consent was due only to her inability to consent by virtue of her age.
The County Court, inter alia, assessed the defendant 20 points under risk factor 7 and denied the defendant's request to downwardly depart from the presumptive risk level, designating him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the People established by clear and convincing evidence that the defendant committed his offense against the victim on the same day he first met her and, thus, was a "stranger to the victim within the meaning of risk factor 7" (People v Cooper, 141 AD3d 710, 710 [internal quotation marks omitted]; see People v Palacios, 137 AD3d 761, 761-762). Accordingly, we agree with the County Court's assessment of 20 points under risk factor 7.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter [*2]Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
"In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety" (People v Fisher, 177 AD3d 615, 616). "The Guidelines provide that [t]he Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety'" (id. at 616, quoting Guidelines at 9).
Given the defendant's extensive criminal history subsequent to his conviction of the underlying offense, his overall score on the risk assessment instrument, and other factors, the County Court's designation of the defendant as a level two sex offender did not constitute an overassessment of the defendant's dangerousness and risk of reoffense, and thus, the court did not improvidently exercise its discretion in denying the defendant's request for a downward departure (see People v Capel, 166 AD3d 1593, 1594; People v Belile, 108 AD3d 890, 891; People v Greene, 93 AD3d 1230).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court