People v Collins (2020 NY Slip Op 06818)





People v Collins


2020 NY Slip Op 06818


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-10378

[*1]People of State of New York, respondent,
v
Shawn Collins, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated July 18, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant contested the assessment of certain points and requested a downward departure from his presumptive risk level, the County Court designated him a level three sex offender.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]). Here, the People established, by clear and convincing evidence, the propriety of assessing 15 points under risk factor 12, based upon the defendant's expulsion from sex offender treatment due to his refusal to make admissions required by the program regarding his misconduct (see People v Grigg, 112 AD3d 802, 803). Additionally, we agree with the assessment of 15 points under risk factor 11, for a history of substance abuse, despite the defendant's claimed abstinence from drugs and alcohol while incarcerated (see People v Moultrie, 147 AD3d 800, 801). We further agree with the assessment of 10 points under risk factor 13, based upon the defendant's commission of numerous tier II and tier III disciplinary violations while in prison (see People v Guadeloupe, 173 AD3d 910, 911).
The defendant identified, and proved the existence of, an appropriate mitigating factor for a downward departure from his presumptive risk level; namely, that "the victim's lack of consent [was] due only to [an] inability to consent by virtue of age" (SORA: Risk Assessment Guidelines and Commentary at 9; see People v Walker, 146 AD3d 824, 826). Nevertheless, we agree with the County Court's determination that a downward departure was not warranted as a matter of discretion in light of, among other things, the defendant's inability to complete sex offender treatment due to his refusal to make certain admissions regarding his misconduct, his lack of remorse when interviewed by the Department of Probation, and his poor disciplinary record throughout his incarceration (see People v Robinson, 186 AD3d 759).
Accordingly, we affirm the defendant's designation as a level three sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court