People v Byrne (2020 NY Slip Op 07926)





People v Byrne


2020 NY Slip Op 07926


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2020-01039

[*1]People of State of New York, respondent,
v
Thomas Byrne, appellant. Jeffrey D. Cohen, Kew Gardens, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Margaret Iocco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated January 9, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of transportation and distribution of child pornography. In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of a total of 80 points. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victim), and alternatively argues that the court erred in failing to grant a downward departure from his presumptive risk level.
We agree with the Supreme Court's assessment of points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted images of at least three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229; People v Bolan, 186 AD3d 1273, 1274; People v Waldman, 178 AD3d 1107).
"Since the defendant did not seek a downward departure from his presumptive risk level in the Supreme Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review" (People v Yglesias, 180 AD3d 821, 822-823; see People v Moore-Johnson, 178 AD3d 1102, 1103). In any event, the mitigating factors identified by the defendant either were adequately taken into account by the SORA Guidelines or were not proven by a preponderance of the evidence (see People v Mosqueda, 172 AD3d 1412, 1413; People v Rocano-Quintuna, 149 AD3d 1114, 1115).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court