People v Burgess (2021 NY Slip Op 00682)





People v Burgess


2021 NY Slip Op 00682


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


116 KA 19-02205

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY BURGESS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered November 7, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant, who relocated to New York State having been previously convicted of a sex offense in Florida, appeals from an order determining that he is a level two risk. Defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level on the ground that he had been at liberty for a prolonged period without any reoffending conduct (see People v Iverson, 90 AD3d 1561, 1562 [4th Dept 2011], lv denied 18 NY3d 811 [2012]; see generally People v Johnson, 11 NY3d 416, 421-422 [2008]). In any event, defendant's contention lacks merit. Even assuming, arguendo, that defendant's allegation constitutes a mitigating circumstance that is, "as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Sotomayer, 143 AD3d 686, 687 [2d Dept 2016]), we conclude that defendant failed to establish by a preponderance of the evidence the existence of that mitigating circumstance in this case (see People v Yglesias, 180 AD3d 821, 823 [2d Dept 2020], lv denied 35 NY3d 910 [2020]; People v Sprinkler, 162 AD3d 802, 803 [2d Dept 2018], lv denied 32 NY3d 907 [2018]; cf. People v Abdullah, 31 AD3d 515, 516 [2d Dept 2006]). Moreover, even if defendant surmounted the first two steps of the analysis (see generally Gillotti, 23 NY3d at 861), upon weighing the mitigating circumstance against the aggravating circumstances—most prominently defendant's " 'overall criminal history' " (People v Duryee, 130 AD3d 1487, 1488 [4th Dept 2015]), including his conviction for failing to comply with the sex offender law in Florida (see People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018])—we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court