People v Gounaris (2021 NY Slip Op 01434)





People v Gounaris


2021 NY Slip Op 01434


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-11679

[*1]People of State of New York, respondent,
v
Vasilious Gounaris, appellant.


Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Sharon Y. Brodt, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gene Lopez, J.), dated September 4, 2018. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of distribution of child pornography. In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court, upon written submissions by the parties, designated the defendant a level two sex offender based upon the assessment of a total of 80 points. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victim), and alternatively argues that the court erred in failing to grant a downward departure from his presumptive risk level.
Contrary to the defendant's contention, the Supreme Court's assessment of points under risk factors 3 and 7 was supported by clear and convincing evidence that the child pornography possessed by the defendant depicted images of at least three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Byrne, 189 AD3d 1475; People v Magner, 178 AD3d 1101).
The defendant's alternate contention that the Supreme Court should have granted him a downward departure from his presumptive risk level is unpreserved for appellate review since the defendant did not seek such relief in the Supreme Court (see People v Byrne, 189 AD3d 1475).
Accordingly, the order appealed from should be affirmed.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court