People v Eason (2021 NY Slip Op 08264)





People v Eason


2021 NY Slip Op 08264


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2016-06561

[*1]People of State of New York, respondent,
v
Michael Eason, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated June 1, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points, within the range for a presumptive designation as a level three sex offender. The defendant did not seek a downward departure from his presumptive risk level.
"In establishing an offender's appropriate risk level under SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Watkins, 168 AD3d 1007, 1007-1008, quoting Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders" (People v Cepeda, 161 AD3d 904, 905 [internal quotation marks omitted]; see SORA: Risk Assessment Guidelines and Commentary at 5 [2006; hereinafter Guidelines]).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct against the complainant. The assessment of these points was supported by clear and convincing evidence in the record, including the arrest and booking report containing the complainant's statements (see People v Arrahman, 144 AD3d 1009; People v Tigre, 134 AD3d 687, 688).
Since the defendant did not request a downward departure from his presumptive risk level in the Supreme Court, his contentions on appeal regarding a downward departure are [*2]unpreserved for appellate review (see People v Yglesias, 180 AD3d 821, 822-823). In any event, the defendant failed to establish that a downward departure was warranted. The defendant argues that a downward departure is warranted because the complainant's lack of consent to sexual intercourse was due only to her inability to consent by virtue of her age. However, we find that the court's designation of the defendant as a level three sex offender did not constitute an overassessment of the offender's dangerousness and risk of reoffense under the circumstances presented, including the defendant's criminal history, the defendant's failure to register as a sex offender and to enroll in mandatory psychosexual counseling, and the defendant's violation of probation (see People v Robinson, 186 AD3d 759, 760; People v Garner, 163 AD3d 1009, 1009-1010). Further, none of the other factors alleged by the defendant warrant a downward departure from the presumptive risk level.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court