People v Rodriguez (2021 NY Slip Op 03071)





People v Rodriguez


2021 NY Slip Op 03071


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2013-08550

[*1]People of State of New York, respondent,
v
Ismael Rodriguez, appellant.


Janet E. Sabel, New York, NY (Adrienne M. Gantt of counsel; Spence Jones on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni C. Piplani of counsel; Eleanor Reilly on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated June 24, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed a total of 115 points under the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]) and designated the defendant a level three sex offender.
Since the defendant did not request a downward departure from his presumptive risk level in the Supreme Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Eason, ___ AD3d ___, 2021 NY Slip Op 08264 [2d Dept]; People v Yglesias, 180 AD3d 821, 822-823). In any event, the defendant failed to establish that a downward departure was warranted (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court