People v Vasquez (2021 NY Slip Op 04983)





People v Vasquez


2021 NY Slip Op 04983


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-00274

[*1]The People of the State of New York, respondent,
v
David Vasquez, appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), entered November 25, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][a]). At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 115 points, presumptively placing him within the level three designation.
Contrary to the defendant's contention, the County Court did not err in assessing him 15 points under risk factor 11, for history of drug and alcohol abuse (see People v Garcia, 192 AD3d 833, 834). "At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571). The assessment of points under risk factor 11 may be appropriate if the offender has a "history" of substance abuse or if the offender "was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act Guidelines & Commentary at 15 [2006] [hereinafter Guidelines]; see People v Palmer, 20 NY3d 373, 378-380; People v Santogual, 157 AD3d 737, 737; People v Madison, 153 AD3d 737, 738). To establish that a defendant was abusing alcohol or drugs at the time of the offense, the People must demonstrate by clear and convincing evidence that the offender used alcohol or drugs in excess either at the time of the crime or repeatedly in the past (see People v Palmer, 20 NY3d at 378; People v Perry, 165 AD3d 990, 991). Here, the defendant admitted to using cocaine, had been diagnosed with cannabis dependence and cocaine abuse, and had a history of treatment for substance abuse. The defendant also had been previously convicted of drug offenses, and received a Tier III sanction for drug use while imprisoned. Therefore, the People established, by clear and convincing evidence, that the assessment of 15 points under risk factor 11 based upon the defendant's history of substance abuse was proper (see People v Yglesias, 180 AD3d 821, 822; People v Perry, 165 AD3d at 990).
Further, since the defendant did not seek a downward departure from his presumptive [*2]risk level at the hearing, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Yglesias, 180 AD3d at 822; People v Moore-Johnson, 178 AD3d 1102, 1103). In any event, the defendant did not satisfy his burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community, and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Perry, 165 AD3d at 991; see also Guidelines at 4). Although an offender's response to treatment, if exceptional, can be the basis for a downward departure (see People v Garcia, 192 AD3d at 834; People v Bethel, 165 AD3d 712), here, the evidence at the hearing failed to demonstrate by a preponderance of the evidence that the defendant's response to treatment was exceptional (see People v Robinson, 179 AD3d 1104, 1105; People v Braithwaite, 172 AD3d 1115, 1116).
Accordingly, the County Court properly designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court