People v Harripersaud (2021 NY Slip Op 05784)





People v Harripersaud


2021 NY Slip Op 05784


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Ind No. 2606/12 Appeal No. 14426 Case No. 2019-5491 

[*1]The People of the State of New York, Respondent,
v
Ishri Harripersaud, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 21, 2019, which adjudicated defendant a level two offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points under the risk factor for defendant's relationship (strangers) with the victim, because they only met within 24 hours of the crime (see People v Barcliff, 165 AD3d 533, 534 [1st Dept 2018], lv denied 32 NY3d 917 [2019]), regardless of any subsequent relationship. The victim's sworn trial testimony, subject to cross-examination, established this fact by clear and convincing evidence, notwithstanding inconsistent, and apparently erroneous, information located in certain documents.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant's lack of prior criminal history, participation in sex offender treatment, record of good behavior while incarcerated, and support network (to the extent relevant) were adequately taken into account by the guidelines. Defendant has not demonstrated that his rehabilitation or response to sex offender treatment were "so exemplary or exceptional" as to warrant a departure (People v Gomez, 192 AD3d 602, 602 [1st Dept 2021]) or that his age (53 at the time of the hearing) renders recidivism unlikely (see e.g. People v Rivera, 188 AD3d 609, 609 [1st Dept 2020], lv denied 36 NY3d 910 [2021]). Defendant's reliance on the apparently "consensual" nature of the crime (but for the victim's inability to consent by virtue of age) is also unavailing, because of the significant age difference between the 45-year-old defendant and 13-year-old victim (see e.g. People v Mendoza, 123 AD3d 417, 417 [1st Dept 2014], lv denied 24 NY3d 915 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021