People v Martin (2021 NY Slip Op 06639)





People v Martin


2021 NY Slip Op 06639


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-07244

[*1]The People of the State of New York, respondent,
v
John Martin, appellant.


Janet E. Sabel, New York, NY (Robin Richardson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Thomas B. Litsky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated May 15, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his pleas of guilty, of forcible touching (two counts). Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court applied an automatic override to a presumptive risk level three classification based upon the defendant's 1996 conviction of sexual abuse in the first degree, denied the defendant's request for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, the Supreme Court properly denied his request for a downward departure from his presumptive risk level. The alleged mitigating factors identified by the defendant were either adequately taken into account by the Guidelines (see People v Fuhrtz, 180 AD3d 944, 947), did not warrant a downward departure (see People v Vasquez, 197 AD3d 1185, 1187; People v McClendon, 175 AD3d 1329, 1331), or did not constitute an appropriate mitigating factor (see generally People v Seals, 112 AD3d 803, 803).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court