People v Gatling (2022 NY Slip Op 02678)

People v Gatling

2022 NY Slip Op 02678

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, AND BANNISTER, JJ.

259 KA 19-02224

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK GATLING, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Wayne County Court (Richard M. Healy, J.), dated October 16, 2019. The appeal was held by this Court by order entered November 20, 2020, decision was reserved and the matter was remitted to Wayne County Court for further proceedings (188 AD3d 1765 [4th Dept 2020]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant, who relocated to New York State having been previously convicted of a sex offense in Connecticut, appeals from an order (written order) determining that he is a level two risk. We previously held this case, reserved decision, and remitted the matter to County Court for compliance with Correction Law § 168-n (3) (People v Gatling, 188 AD3d 1765 [4th Dept 2020]). Although the court's written order did not set forth the "findings of fact and conclusions of law on which the determinations are based" (§ 168-n [3]; see Gatling, 188 AD3d at 1765), we conclude that the written order together with the court's oral findings and conclusions on remittal "are clear, supported by the record and sufficiently detailed to permit intelligent appellate review" (People v Houck, 170 AD3d 1642, 1642 [4th Dept 2019], lv denied 33 NY3d 910 [2019] [internal quotation marks omitted]; see People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016]; People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013]).
We reject defendant's contention that the court erred in refusing to grant him a downward departure from his presumptive risk level. Defendant correctly asserts that a prolonged period at liberty without any reoffending sexual conduct constitutes a mitigating circumstance that is, "as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Edwards, 200 AD3d 1594, 1595 [4th Dept 2021]; People v Sotomayer, 143 AD3d 686, 687 [2d Dept 2016]; see also People v Burgess, 191 AD3d 1256, 1256-1257 [4th Dept 2021]). We conclude, however, that defendant failed to establish by a preponderance of the evidence the existence of that mitigating circumstance in this case inasmuch as the record establishes that he was incarcerated or otherwise under supervision for numerous offenses and violations for extensive periods of time between the underlying sex offense and his sex offender designation in New York State (see People v Yglesias, 180 AD3d 821, 823 [2d Dept 2020], lv denied 35 NY3d 910 [2020]; People v Sprinkler, 162 AD3d 802, 803 [2d Dept 2018], lv denied 32 NY3d 907 [2018]). Moreover, even if defendant surmounted the first two steps of the analysis (see generally Gillotti, 23 NY3d at 861), upon weighing the mitigating circumstance against the aggravating circumstances—most prominently defendant's " 'overall criminal history' " (People v Duryee, 130 AD3d 1487, 1488 [4th Dept 2015]), including his prior failures to register as a sex offender in Connecticut (see People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018])—we conclude that the [*2]totality of the circumstances establishes that defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see Burgess, 191 AD3d at 1257; see generally People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court