People v Pritchard (2023 NY Slip Op 00549)

People v Pritchard

2023 NY Slip Op 00549

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

831 KA 22-00214

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TODD S. PRITCHARD, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Livingston County Court (Jennifer M. Noto, J.), dated October 29, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court abused its discretion in denying his request for a downward departure from his presumptive risk level. We reject that contention. Even assuming, arguendo, that defendant established at the SORA hearing, by a preponderance of the evidence, that the alleged mitigating circumstances existed in his case and that they were, as a matter of law, mitigating circumstances of a kind or to a degree not adequately taken into account by the guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861 [2014]; cf. People v Mann, 177 AD3d 1319, 1320 [4th Dept 2019], lv denied 35 NY3d 902 [2020]), we conclude, upon weighing the mitigating circumstances against the aggravating circumstances, that the court did not abuse its discretion in denying the request for a downward departure. The totality of the circumstances demonstrates that "defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism" (People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see People v Butler, 129 AD3d 1534, 1535 [4th Dept 2015], lv
denied 26 NY3d 904 [2015]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court