People v Cornwell (2023 NY Slip Op 00566)

People v Cornwell

2023 NY Slip Op 00566

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

911 KA 22-00185

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT CORNWELL, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ROBERT WARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Onondaga County Court (Matthew J. Doran, J.), entered January 20, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court applied an incorrect standard in denying his request for a downward departure. We affirm.
We agree with defendant that the court failed to set forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3). Further, as defendant contends and the People correctly concede, in determining defendant's request for a downward departure the court should have applied a preponderance of the evidence standard rather than a clear and convincing evidence standard (see People v Gillotti, 23 NY3d 841, 860-861 [2014]). Nevertheless, we need not remit the matter because the record is sufficient for us to "make our own findings of fact and conclusions of law" (People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]; see People v Carlton, 78 AD3d 1654, 1655 [4th Dept 2010], lv denied 16 NY3d 782 [2011]) and to review defendant's request under the proper standard (see People v Scott, 186 AD3d 1052, 1054 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; People v Kowal, 175 AD3d 1057, 1059 [4th Dept 2019]).
However, even assuming, arguendo, that defendant satisfied his burden with respect to the first two steps of the three-step analysis required in evaluating a request for a downward departure (see e.g. People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; cf. People v Harripersaud, 198 AD3d 542, 542 [1st Dept 2021], lv denied 38 NY3d 902 [2022]; People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]; see generally Gillotti, 23 NY3d at 861), we conclude that, after applying the third step of weighing the aggravating and mitigating factors, the totality of the circumstances does not warrant a downward departure to level two (see Scott, 186 AD3d at 1054; see also People v Gillotti, 119 AD3d 1390, 1391 [4th Dept 2014]; cf. generally People v Weatherley, 41 AD3d 1238, 1238-1239 [4th Dept 2007]). To the contrary, we conclude that, based on the number of defendant's charged and "uncharged sexual crimes, the facts of which were proved by clear and convincing evidence and not fully accounted for in the RAI, the SORA court did not abuse its discretion when it declined to downwardly depart from the presumptive risk level three" (People v Sincerbeaux, 27 NY3d 683, 691 [2016]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court