People v Burgio (2023 NY Slip Op 01611)

People v Burgio

2023 NY Slip Op 01611

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

158 KA 22-01383

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM BURGIO, DEFENDANT-APPELLANT. 

JULIE A. CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), entered July 22, 2022. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). As defendant correctly concedes, he failed to preserve for our review his contentions that a downward departure was warranted on the bases of, inter alia, his significant adult relationship with his wife, probationary sentence, and response to mental health treatment, inasmuch as he did not assert those grounds for a downward departure at the SORA hearing (see People v Burgess, 191 AD3d 1256, 1256-1257 [4th Dept 2021]; People v Colon, 186 AD3d 1730, 1731 [2d Dept 2020], lv denied 36 NY3d 903 [2020]). In any event, defendant's contentions lack merit. Even assuming, arguendo, that defendant "satisfied his burden with respect to the first two steps of the three-step analysis required in evaluating a request for a downward departure," we conclude that Supreme Court did not abuse its discretion in denying defendant's request (People v Cornwell, — AD3d &mdash, &mdash, 2023 NY Slip Op 00566, *1 [4th Dept 2023]; see People v Pritchard, — AD3d &mdash, &mdash, 2023 NY Slip Op 00549, *1 [4th Dept 2023]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Upon weighing the mitigating circumstances against the aggravating circumstances, including " 'the quantity and nature of the child pornography used by defendant, . . . and the extremely young children depicted therein' " (People v Varin, 158 AD3d 1311, 1312 [4th Dept 2018], lv denied 31 NY3d 905 [2018]), we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as "defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism" (Burgess, 191 AD3d at 1257; see generally People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court