People v Ponce (2023 NY Slip Op 03639)

People v Ponce

2023 NY Slip Op 03639

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

509 KA 22-01172

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE PONCE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ROBERT WARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered July 12, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that Supreme Court's assessment of 15 points under risk factor 11 for history of drug or alcohol abuse, which was based on the recommendation in the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, is not supported by clear and convincing evidence (see
§ 168-n [3]). Although defendant asserted that his prior drug and alcohol use was recreational and did not constitute abuse, his admissions to the Probation Department regarding his daily marihuana use during the time period of the offense established a pattern of drug use in his history evincing substance abuse (see People v Stewart, 199 AD3d 1479, 1480 [4th Dept 2021], lv denied 38 NY3d 908 [2022]; People v Richardson, 197 AD3d 878, 879 [4th Dept 2021], lv denied 37 NY3d 918 [2022]). Moreover, defendant admitted that he provided marihuana and alcohol to the underage victim during the course of his sexual offense (see People v Caleb, 170 AD3d 1618, 1619 [4th Dept 2019], lv denied 33 NY3d 910 [2019]).
Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for a downward departure to risk level one or two. Even assuming, arguendo, that defendant "satisfied his burden with respect to the first two steps of the three-step analysis required in evaluating a request for a downward departure," we conclude that the court did not abuse its discretion in denying defendant's request (People v Cornwell, 213 AD3d 1239, 1240 [4th Dept 2023], lv denied — NY3d — [2023]; see People v Pritchard, 213 AD3d 1215, 1216 [4th Dept 2023], lv denied 39 NY3d 914 [2023]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Upon weighing the mitigating circumstances—including the fact that defendant pleaded guilty to statutory rape—against the aggravating circumstances, we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level "does not represent an over-assessment of his dangerousness and risk of sexual recidivism" (People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see People v Simmons, 195 AD3d 1566, 1569 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; see generally People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court