People v Nichols (2025 NY Slip Op 01554)

People v Nichols

2025 NY Slip Op 01554

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ. (Filed Mar. 14, 2025.)

MOTION NO. (237/24) KA 23-00841.

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, 
v
STEFAN D. NICHOLS, DEFENDANT-APPELLANT.

MEMORANDUM AND ORDER
Motion for permission to file and serve a supplemental record on appeal, to vacate this Court's memorandum and order entered May 3, 2024 (People v Nichols, 227 AD3d 1443 [4th Dept 2024]), and for entry of a new memorandum and order after consideration of the supplemental record, be and the same hereby is granted to the extent that defendant is granted permission to file and serve a supplemental record on appeal containing County Court's complete decision and order dated April 11, 2023, this Court's memorandum and order entered May 3, 2024 (People v Nichols, 227 AD3d 1443 [4th Dept 2024]) is vacated, and the following memorandum and order is substituted therefor:
Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), dated April 11, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court should have granted his request for a downward departure from risk level three to risk level two. Even assuming, arguendo, that defendant adequately identified mitigating circumstances that are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines and proved their existence by a preponderance of the evidence (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we conclude, based upon the totality of the circumstances, that a downward departure is not warranted (see People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see generally Gillotti, 23 NY3d at 861).